J. H. EMERY ET AL. v. COMMISSIONERS OF MECKLENBURG COUNTY.

(Filed 3 June, 1921.)

1. **Constitutional Law—Counties—Streams—Bridges—Statutes—Bonds—State Lines—Apportionment of Expenses—Necessary Expenses.**

   Our statutes are constitutional and valid, authorizing the county commissioners of any county bordering on another State to pay the proportion of the cost of building any bridge spanning a river where it is the State line, including cost of approaches, and to issue bonds to raise money to pay the same; and the objection that the building of the bridge is not a necessary county expense, and may require the county to pay more than it should for that part of the bridge and approaches that lie within the county, is untenable. Const., Art. VII, sec. 7. *Martin Co. v. Trust Co.*, 178 N. C., 26, cited and applied.

2. **Same—Population.**

   Where a county is authorized by statute to unite in building a bridge over a stream on the State line with another county lying across the stream, in another State, the proportionate cost should be adjusted with a view to the proportionate benefits received by it, which is *prima facie* in proportion to population, unless the statute authorizes an agreement upon a different basis.

**3. Statutes— Counties— Bridges— Streams—State Lines—Necessary Expense—Apportionment of Expense—Courts.**

What proportionate part of expense a county should bear in the building of a bridge and its approaches over a stream on the State line, or whether such expenditures were necessary, are matters exclusively for the Legislature, and not for the courts to determine.

**4. Constitutional Law—Statutes—State Lines—Streams—Bridges—Delegated Powers—Counties.**

The authority that a Legislature of this State has to unite with an adjoining State in constructing and maintaining a bridge over a stream on a State line, may be delegated by a general statute to the commissioners of any county lying on the stream, to take proper action, bear the cost, and adjust its contribution with the authorities of the county lying on the other side of the stream. Const., Art. III, sec. 29.

APPEAL by plaintiffs from *Lane, J.,* at May Term, 1921, of MECK-LENBURG.

This action is by the plaintiff on behalf of himself and other taxpayers of Mecklenburg County to restrain the defendants, the county commissioners, from advertising, selling and issuing bonds of that county in the sum of $80,000 for the purpose of coöperating with York County, S. C., in building a bridge and approaches thereto over the Catawba River, which is the dividing line between North Carolina and South Carolina.

The defendant commissioners of Mecklenburg are authorized to issue these bonds by chapter 103, Laws 1919, and chapter 11, Special Session 1919. By the terms of these acts county commissioners of any county are authorized to pay such proportion of the cost of building any bridge spanning a river where it is the State line, including cost of the approaches thereto, and issue bonds to raise the money to pay for the same. These statutes provide that this shall be deemed a necessary expense where a public road or highway has been laid off and there is no passable ford at that point, and the county can contribute to the cost of said bridge and approaches in proportion of its population to that of the county on the other side unless otherwise agreed. The cost is estimated at $120,000, of which Mecklenburg is to furnish $80,000 and York County $40,000, which is according to said proportion.

The defendants demur upon the ground that they are authorized by the aforesaid statutes, which are referred to in the resolutions, to issue and sell the bonds, which resolutions of the board are attached to the complaint, and that their action is valid and constitutional. The court sustained the demurrer, and the plaintiffs appealed.

*Clarkson, Taliaferro and Clarkson for plaintiffs.*
*Cansler & Cansler for defendants.*

CLARK, C. J.   The only question raised by the pleadings and judgment and the plaintiffs' exception and assignment of error is the constitutionality of the statutes authorizing the issue of the bonds.   The plaintiffs contend that said acts are in contravention of Art. VII, sec. 7, of the Constitution of this State, in that the Legislature thereby authorizes the issuance of the bonds of the county for other than a necessary expense without a vote of the qualified voters.   They base this contention upon the ground that the building of a bridge and the approaches thereto over a river forming the State line, and the payment possibly for more than that part of the bridge and approaches as lie within the county, is not a necessary expense of said county.   While this exact question has not been before the Court it is decided in principle in *Martin County v. Trust Co.*, 178 N. C., 26.   In that case we held constitutional a statute authorizing the issuance of bonds by two adjoining counties to build a bridge and approaches over a stream dividing the counties and through five miles of swamp on the Bertie side, the river lying also wholly in Bertie, while on the Martin County side there was only the approaches of probably one-fourth of a mile.   The Court held constitutional that act though $150,000 was to be procured on bonds issued by Martin County and only $50,000 by Bertie.   The Court in that case fully considered the subject and laid down three propositions:

1. The Legislature may authorize adjoining counties to issue bonds in certain proportions for the building of a bridge across a dividing stream, and the validity of the bonds, being for a necessary county expense, does not require the issuance to be approved by a vote of the people.

2. The proportion which a county may contribute to the building of a bridge and the approaches thereto, over a stream between it and an adjoining county, is a question for the Legislature to determine, and is not reviewable by the courts.

3. The construction and maintenance of roads and bridges is a necessary expense which the Legislature may cast upon the State at large or upon the territory specially and immediately benefited, though the work may not be wholly within the territory or the actual structure not in exact proportion to the contribution of each county, as the benefit to be derived by each must be considered.

That case settled that the proportionate part of the expense which should be borne by each of the counties was a legislative and not a judicial question, and that the approaches to the bridge were a necessary and therefore an integral part of the cost of constructing the same.

The principle involved and decided in *Martin Co. v. Trust Co., supra,* we think applies to this case.   We see no ground to differentiate between the two cases because in this instance the dividing stream is a State

line. The bridge being a necessary expense, the proportionate cost should be adjusted with a view to the proportionate benefit received by the county of Mecklenburg, which is *prima facie* in proportion to population, unless (as authorized by the statute) the county commissioners agree with the authorities of the other county upon a different basis.

The Legislature of this State could agree with the Legislature of an adjoining State to unite in constructing and maintaining a bridge over a stream where it is a State line. Such public bridge can be built only by joint authority of the two States, and instead of creating a special commission, the General Assembly has seen fit by a general statute (under Cons., Art. II, sec. 29) to authorize the commissioners of any county lying on such stream to take proper action, the cost to be borne by the county whose public roads will cross the stream, and to adjust its contribution with the authorities of the other county, whether it lies in this State or in another State.

The judgment overruling the demurrer is
Affirmed.